Mabio Pittoni, J,
Defendant’s motion for summary judgment dismissing the complaint as to defendant, Estelle Williams, is granted.
This is an action against the owner of an airplane, Estelle Williams, and her son and operator of the plane, Roger Williams, for personal injuries caused by the alleged negligent operation of the plane by Roger Williams. On November 15, 1958, Roger Williams took the plaintiff on a plane trip from Long Island to Springfield, Mass., and back; and as they attempted to land at Deer Park, L. I., the accident occurred and the plaintiff was injured. Roger Williams had his mother’s permission to use the plane for his pleasure, and this particular flight was in the scope of that permission.
*576 This action is brought upon two theories; viz. (a) that the forced landing was due to Roger’s negligence and that his mother is vicariously liable because of her ownership of the airplane; and (b) that Roger was operating the airplane as an agent for his mother. At the time of this accident there was no derivative liability on the owner of an airplane unless the owner was himself negligent or unless it could be shown that the operator was engaged in the business of the owner. Section 251 of the General Business Law, effective September 1, 1959, imposes a statutory liability on the owner of an airplane for the negligence of one operating the airplane with the owner’s consent. (See 1959 Report of N. Y. Law Rev. Comm., p. 27 et seq.) This accident occurred on November 19, 1958. As there is no allegation of negligence by Mrs. Williams, her mere ownership at the time of the accident did not subject her to liability for the negligence of her son, Roger. Therefore, unless Roger was the agent of his mother, summary judgment must be granted. The affidavit of plaintiff, Luis Guillen, guardian ad litem and father of Rosa, discloses no proof, or even indication of an agency relationship. It merely alleges that the ‘1 agency, though denied by the defendants, will be the object of evidence at the time of the trial.” This is insufficient to defeat a motion for summary judgment. In Kramer v. Harris (9 A D 2d 282, 283), the court stated: “ The purpose of summary judgment procedure is to search out the evidentiary facts and determine the existence of an issue from them. Bald conclusory assertions, even if believable, are not enough.” It is also the rule that a motion for summary judgment may not be defeated by surmise, conjecture or suspicion (Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56, 63; Di Sebato v. Soffes, 9 A D 2d 297, 301).